IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                               Case No. 26-10091-JWB

PATRICIA RODRIGUEZ,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's appeal of the magistrate judge's order of release, and its motion for detention. (Doc. 14.)  The court held a hearing on June 1, 2026. (Doc. 22.)  For the reasons stated herein, the government's motion for detention is GRANTED, the magistrate judge's order of release (Doc. 21) is REVOKED, and Defendant is committed to the custody of the Attorney General of the United States pending trial.

**I.    Facts**

Defendant was arrested on May 18, 2026, based on a criminal complaint charging her with two counts. (Doc. 1.)  Count 1 charged that on January 16, 2026, Defendant did knowingly and intentionally distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.  Count 2 charged that on May 14, 2026, Defendant knowingly and intentionally possessed with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, a controlled substance.  Both counts were in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).  On May 27, 2026, a grand jury returned an indictment against Defendant as to both counts. (Doc. 11.)  The government proffered the following evidence in support.

1

An affidavit of a special agent with the Drug Enforcement Administration ("DEA") alleged that, on January 16, 2026, a Sedgwick County Sheriff's Office detective working in an undercover capacity, together with an informant, arranged through a supply source to purchase a half kilogram of methamphetamine.  At the prearranged location in Wichita, Kansas, Defendant arrived alone in a grey Chevy Impala; the undercover detective entered her vehicle, paid her $1,900 in cash, and Defendant handed him a yellow drawstring bag containing a package wrapped in brown tape. Investigators followed the Impala—which was registered to Defendant—to her residence, and the detective identified Defendant as the seller based on his interaction with her during the transaction and a law enforcement photograph.  The package weighed approximately 536 grams and field-tested positive for methamphetamine.  (Doc. 1 at 4–8.)

With regard to the transaction that forms the basis for Count 2, as proffered by the government at the June 1, 2026 hearing, the same undercover detective and informant arranged a second purchase from the same individual, on May 14, 2026, who advised that a kilogram of fentanyl was available in the Wichita area through a female and sought $22,000 for it.  Having previously identified Defendant from the January transaction, law enforcement established surveillance at Defendant's residence and observed Defendant leave the home carrying a teddy bear, get into a vehicle, and drive toward the prearranged meet location.  When Defendant arrived and parked beside the vehicle she had been directed to approach, officers arrested her.  Inside the teddy bear recovered from her car, officers found fentanyl powder, which the forensic laboratory determined to weigh approximately 1,003 grams.  Following her arrest, law enforcement learned that Defendant has an immigration detainer lodged against her.

 The government moved for a detention hearing.  (Docs. 3, 7, 8.)  On May 29, the magistrate judge held a detention hearing and ordered that Defendant be released pending trial under various

conditions. (Docs. 15, 21.) The government now seeks revocation of the release order and an order that Defendant be detained pending trial. (Doc. 14.)

## II.    Standard

Under 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer, or it may insist on direct testimony. *Id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must consider the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Authority to request detention in this matter arises from several subsections of the Bail Reform Act. Detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C). Moreover, there is a presumption of detention that applies in this matter pursuant to 18 U.S.C. § 3142(e)(3)(A). *See United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) ("A grand jury indictment provides the probable cause required by the statute to trigger the presumption.").

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, it remains a factor in the court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (holding that the burden of persuasion regarding risk of flight and danger to community always remains with the government). The government must prove dangerousness to another person or the community by clear and convincing evidence. *Id*. at 1252

## III.   Analysis

The court next proceeds through each of the Bail Reform Act factors for pretrial detention. As explained below, the court finds pretrial detention to be appropriate in this case.

### A.  Nature and Circumstances of the Offense

In reviewing this factor, the court is to consider the nature and circumstances of the offense

charged. Both offenses involve controlled substances, and they involve substantial quantities—more than 50 grams of methamphetamine and over 400 grams of fentanyl, as charged in the indictment. Fentanyl is an extremely dangerous drug; there have been numerous cases in the Wichita community where people were severely hurt or killed using fentanyl and families are routinely destroyed by both methamphetamine and fentanyl abuse. Further, the proffered evidence indicated Defendant kept the fentanyl in her home, concealed in a teddy bear, in a residence she shared with six children, including an eight-, nine-, and ten-year-old. Storing a kilogram of fentanyl in a teddy bear in a home full of children is reckless and shockingly dangerous, and such conduct discounted the value of Defendant's ties to those children, suggesting she posed more of a danger than a help to them. Therefore, because Defendant exposed her children to those risks, the presence of those children and other family ties do not weigh in her favor. This factor weighs in favor of detention.

### B. Weight of the Evidence

The government's proffer indicates the weight of the evidence is strong. The evidence includes eyewitness testimony available from persons involved in both transactions. As to the methamphetamine delivery, an undercover officer entered Defendant's car, observed her, and received the drugs directly from her. As to the fentanyl delivery, law enforcement conducted aerial surveillance of Defendant's home before she arrived, and Defendant was arrested at the scene in possession of drugs. The evidence against Defendant is substantial and this factor favors detention.

### C. History and Characteristics of Defendant

As expounded upon in the June 1, 2026, hearing, the court has heard little about Defendant's character beyond that she is in the country unlawfully and dealing drugs, and nothing reported reflected any physical or mental health history of consequence. As to family ties,

although Defendant has family in the area, those ties were established through her unlawful presence in the country. As to employment, Defendant's work weighed against her because it is unlawful for her to work; her continued employment demonstrated a disregard for the law and undercut any expectation that she would abide by conditions of release. As to length of residence, the court acknowledged that the probation office indicated Defendant's children are United States citizens, one of whom is approximately thirty years old, but her unlawful presence negated the value of the length of residence. The bond report did not suggest any problem with drug or alcohol abuse. Defendant's criminal history includes two failures to appear, which bore directly on the likelihood of her appearance and indicated that she does not appear in court when directed to do so. Overall, this factor weighs in favor of detention. Finally, Defendant is incentivized to flee the jurisdiction of the court and cross the southern border into Mexico because she has significant family in Mexico and is unable to legally work in the United States. Therefore, the court is concerned that Defendant is a flight risk.

### D. Danger to the Community

Federal law commands the release of a person subject to conditions pending trial unless the court determines that the release will endanger the safety of another person or the community. 18 U.S.C. § 3142(b). The court's "concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

Taken as a whole, the court finds that the available information concerning the § 3142 factors shows by clear and convincing evidence that Defendant's release would pose a danger to

6

the community. The court explained that, under Tenth Circuit authority, danger to the community is measured not by the risk of physical violence but by the risk of continued criminal activity to the detriment of the community. That risk is present here: Defendant remains in the country unlawfully and has been distributing large quantities of drugs, each to the community's detriment. Further, Defendant has demonstrated a willingness to engage in that conduct even to the point of placing her own children at risk by keeping the fentanyl in her home.

Accordingly, after consideration of all the factors outlined at 18 U.S.C. § 3142(g), the court finds that Defendant has not overcome the rebuttable presumption. However, even if Defendant were able to overcome this presumption, the court finds that there is no combination of pretrial release conditions that would reasonably assure her appearance. Accordingly, she cannot be released pending trial.

## IV.    Conclusion

THEREFORE, the government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the community if Defendant were released pending trial. Further, the combination of Defendant's potentially lengthy sentence, family ties to Mexico, and inability to legally work in the United States render Defendant a flight risk. Accordingly, the magistrate judge's order of release (Doc. 21) is thereby REVOKED and the government's motion for detention (Doc. 14) is GRANTED.

Defendant Patricia Rodriguez is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a

court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.  Dated this 5th day of June 2026.

__s/ John Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE